IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**FREDERICK DEE BUNTIN,**

    Petitioner,

v.                                                   Case No. 5:21cv121-TKW/MAF

**GOVERNMENT OF THE STATE
OF FLORIDA,**

    Respondent.
_____/

## REPORT AND RECOMMENDATION

In an order filed March 21, 2022, this Court directed Petitioner Buntin to submit an amended § 2254 habeas petition on the proper form in accordance with Northern District of Florida Local Rule 5.7(A), and the Court provided him with the requisite forms. ECF No. 64. The amended § 2254 petition was due April 20, 2022, and, to date, no such petition has been received by the Court, although Petitioner has filed three other documents, a "Correction of Fatal Flaw Committed by this Court," ECF No. 65, a "Motion for Summary Judgment," ECF No. 66, and a "Challenge to Court Use of PLRA," ECF No. 67.

This Court's order explained the case had been transferred from the Southern District of Florida because that court had determined "[t]he allegations and supporting documentation indicate that Petitioner is

challenging his criminal conviction entered in the Fourteenth Judicial Circuit, Bay County, Florida, in case no. 2001CF02876." ECF No. 64 at 1; *see* ECF No. 60 at 1. Petitioner was specifically warned that a recommendation would be made that this case be dismissed if he failed to comply with this Court's order. ECF No. 64 at 4.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989). Because Petitioner did not comply with this Court's order, this petition should be dismissed without prejudice.

Petitioner shall have a 14-day period after service of this Report and Recommendation in which to file objections. This will also afford Petitioner a final opportunity to show good cause for the failure to respond to the Court's order. Petitioner may do so by filing a motion for reconsideration which will be referred to me by the Clerk.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice.** Given this recommendation, the Clerk shall terminate Petitioner's "Motion for Summary Judgment," ECF No. 66,

and pursuant to Petitioner's filing, ECF No. 65, the Clerk shall correct the spelling of Petitioner's first name to "Frederick."

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2022.

> S/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.